UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-cr-40047 |
| | ) |
| ALAN M. GUTIERREZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant Alan M. Gutierrez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 181). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

On January 11, 2008, Defendant pled guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 841(b)(1)(C), and 846. (D. 75). In April 2008 Defendant was sentenced to 240-months imprisonment, followed by ten years of supervised release. (D. 112). At the time of sentencing, Defendant had a total offense level of 35 and criminal history category of IV, establishing a guideline sentencing range of 240 to 262 months. (D. 110, p. 18). Defendant's projected release date from the Bureau of Prisons ("BOP") is May 9, 2024.

On May 17, 2022, Defendant filed a *pro se* Motion for Compassionate Release. (D. 181). On June 10, 2022, the Government file a response in opposition. (D. 184) (D. 185). On June 24, 2022, Defendant filed a reply. (D. 186). This Order follows.

## LEGAL STANDARD

1

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons ("BOP") file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id*. The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

**DISCUSSION**

2

The Government's Response properly invoked Defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. Defendant argues he submitted two written requests *via* Inmate Request to Staff Forms to the Warden on January 18, 2022, and May 4, 2022, that the BOP's staff must have "failed to deliver the request to the Warden or thew it in the trash…" (D. 186, p. 2). While Defendant attached request forms dated January 18 and May 4, 2022, the BOP has no record of ever receiving either request. (D. 183, p. 8).

Aside from Defendant's assertion that he submitted the January 18 and May 4, 2022, request for compassionate release forms to the Warden, there is no actual evidence that the forms were in fact submitted. The Court further notes that both request forms attached to Defendant's Motion are missing the first page of the standard "Reduction in Sentence Application" used by the BOP. The Seventh Circuit has made clear that the exhaustion requirement "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). As a result, this Court finds that Defendant has failed to establish that he properly exhausted administrative remedies prior to filing his Motions for Compassionate Release. *See Sanford*, 986 F.3d at 782; *United States v. Williams*, 987 F.3d 700 at 702-03 (7th Cir. 2020).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [181] is DISMISSED WITHOUT PREJUDICE. As a result of the foregoing, Defendant's Motion to Supplement/For Ruling on Motion for Compassionate Release [189] is DISMISSED AS MOOT.

ENTERED this 22nd day of August, 2022.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge